No. 107

PHOENIX PORTLAND CEMENT CO v. SHADRACH

Ohio Appeals, 4th Dist., Franklin County
No. 1154. Decided Jan. 5, 1924

1002. RECEIVERS—Receiver may be appointed on ground that a corporation is being grossly mismanaged and assets wasted.

313. CORPORATIONS — Preferred stockholder, by bringing action for accounting and receiver, recission of stock subscription, and declaration as creditor, is not thereby in position as creditor—Until subscription is canceled, stockholder rights and liabilities continue.

Receivers of one corporation adversary to another will not be required to represent the other corporation.

ALLREAD, J.

### Epitomized Opinion
First Publication of this Opinion

Shadrach, a preferred stockholder of the Phoenix Portland Cement Co., an Ohio corporation, sued that company, the R. L. Dollings Co., also an Ohio corporation, Benham and Harrison, for an accounting and for a receiver, in Franklin Common Pleas. She also asked for a cancellation of her subscription, for fraud. She alleged that the Dollings Co., Benham and Harrison, controlled the company, by the ownership of the common stock, and were grossly mismanaging it, wasting and depleting the assets, and thereby imparing the security of the preferred stockholders. The evidence disclosed that the preferred stockholders contributed the entire assets of the company, but the preferred stock had no voting power for all practical purposes. All the common stock was secured by the Dollings Co. as its commission for the sale of the preferred stock. The Dollings Co. collected about $2,000,000 for the preferred stock and had managed and disbursed this money under an agency contract. Practically all the business was transacted by the company. The Dollings Co., under this contract, agreed to the purchase of the cement plant of the Pa. Phoenix Co. by the Ohio Phoenix Co., and paid Morton, who owned 99 per cent of the stock of the Pa. Co., about $200,000 on account and agreed that the Ohio Co. would pay a certain stipulated amount per month. A later contract recited that the Ohio Co. had paid Morton $402,000 towards the purchase of his stock in the Pa. Co., and a million and a half for the construction of another plant in Alabama, and provided that inasmuch as the Co. could not continue payments, Morton should return $245,000 to the Ohio Co. and deed the Alabama plant to it, subject to the right of the Pa. Co. to operate this plant for 50 years by paying a royalty to the Ohio Co. The Dollings Co. was unable to account for the expenditure of this $245,000 other than it had been paid out from time to time. The Common Pleas Court appointed a receiver. Error was prosecuted by the company on the ground that a receiver should not have been appointed, because the company was not insolvent, it having property worth $2,000,000 and liabilities of $108,000. It was also contended that Shardrach, by asking for a recission of her contract, and to be declared a preferred creditor, had placed herself in the position of a general creditor. At the time this action was instituted, receivers were in charge of the Dollings Co., and it was contended that it was not necessary to have a

receiver for the Phoenix Co., to get an accounting. In affirming the judgment in appointing a receiver, the Court of Appeals held:

1. While insolvency or probable insolvency is the usual ground for the appointment of a receiver for a corporation, by Sec. 11894 GC., receivers may be appointed in all other causes in which receivers have heretofor been appointed by the usages of equity. A receiver may be appointed because of mismanagement and wasting of assets of the company.

2. As to the claim that Shadrach has become a general creditor by asking that the stock contract be cancelled, we have reached the conclusion that this is an action in chancery, and until she secures a decree cancelling her stock subscription, she is a stockholder and entitled to all the rights and privileges of a stockholder. 52 OS. 549.

3. As to the contention that the receivers of the Dollings Co. will make an accounting, they would stand between the Dollings Co. and the Phoenix Co. as contending parties, and it would be inconsistent to require them to represent the Ohio Phoenix Co. in these various important transactions in which the Dollings Co. would necessarily be adversary.

Attorneys—E. C. Turner and B. W. Gearhart, for Portland Cement Co.; Williams, Sinks & Williams and G. R. Hedges, of counsel; S. H. Bennett, for Benham; F. B. Honnet, A. N. Wilcox and Crabbe & Johnson, for Shadrach; J. H. Butler, of counsel; all of Columbus.